# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES CURTIS, Inmate #B30130,    )
    )
         **Plaintiff,**    )
    )
**vs.**    )
    )
**ROGER PELKER, OFFICER FLEMING,** )    **CIVIL NO. 04-224-DRH**
**OFFICER HAMLIN, OFFICER** )
**RENYOLDS, SERGEANT CHILDERS,** )
**C/O MEYER, OFFICER HOOD,** )
**ANDREW WILSON, OFFICER** )
**NEIPERT, and CHAD FORSTING,** )
    )
         **Defendants.**    )

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:**    Against defendants Meyer, Childers, and Hood for retaliation against Plaintiff for filing complaints of official misconduct against officials at another Illinois Department of Corrections institution.

**COUNT 2:**    Against defendant Wilson for due process violations in a disciplinary

hearing.

**COUNT 3:**   Against defendants Pelker, Fleming, Hamlin, Renyolds, Childers, and Neipert for use of excessive force in violation of the Eighth Amendment.

**COUNT 4:**   Against Defendant Forsting for refusing to respond to Plaintiff's grievances.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.   An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under Section 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims. *See also House v. Belford*, 956 F.2d 711, 718-19 (7th Cir. 1992).

## COUNT 1

Plaintiff states generally that while he was housed at Pinckneyville Correctional Center he complained of official misconduct among the officers there.   He was transferred to Menard Correctional Center, and he states that since his arrival he has been subjected to retaliatory conduct by Menard officers who are "family members, associates, and co-workers" of officers at Pinckneyville.   Plaintiff states specifically that on January 8, 2003, Defendant Meyer used

- 2 -

discriminatory language toward Plaintiff and filed a "false" disciplinary report for insubordination against Plaintiff, in retaliation for the prior complaints at Pinckneyville.  Plaintiff states that Defendant Childers co-signed the false report and that Defendant Hood brought the disciplinary report to Plaintiff's cell, but never gave him an opportunity to list his witnesses or sign the report, violating due process.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Based on these standards and Plaintiff's factual allegations, Count 1 cannot be dismissed at this point in the litigation.

## COUNT 2

Plaintiff states that at the disciplinary hearing for the insubordination charge, Plaintiff argued that the disciplinary report was written as part of a retaliatory scheme, requested that his witnesses be called, and reported that the disciplinary ticket had never been properly signed.  Plaintiff states that the committee refused to call the witnesses, tore up the report, and disciplined him with two months segregation.  The committee's report, which is attached to the complaint as an exhibit, indicates that Plaintiff was also demoted to c-grade status for two months, and denied commissary and yard privileges for two months.  Plaintiff argues that these proceedings violated due process.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show at the outset that the state deprived him of a constitutionally protected interest in "life, liberty,

or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Only after a plaintiff has stated such a deprivation will the Court conduct an analysis of whether the process he received was adequate. The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

In the instant case, Plaintiff alleges that he was placed in disciplinary segregation for two months in violation of his right to procedural due process. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). Plaintiff was also demoted to c-grade status and was denied commissary privileges. These deprivations also do not implicate a protected liberty interest. *See Thomas,* 130 F.3d at 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to C-grade status and loss of commissary privileges). Without the deprivation of a protection liberty interest, Plaintiff has not stated a due process claim. Accordingly, this due process claim is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

## COUNT 3

Plaintiff states that on two instances in January 2004, he was assaulted by Defendants Pelker,

Fleming, Hamlin, Renyolds, Childers, and Neipert.  On January 14, 2004, after a verbal altercation, Defendant Pelker grabbed his buttocks and stated, "you're the bitch nigger, don't get fucked." Defendant Pelker then hit defendant several times with a closed fist in the ribs.  Defendants Hamlin, Fleming, and Renyolds also began punching Plaintiff.  He fell to the floor, and each of the officer continued to kick Plaintiff.  They eventually dragged Plaintiff back to his cell, at which time Defendant Pelker punched Plaintiff in the face and Defendant Fleming pulled Plaintiff's handcuffed arms into an angle as if attempting to break them.  The officers left him in his cell, but continued to threaten him with further physical harm.   Plaintiff claims that Defendant Pelker's behavior constituted sexual assault.

Plaintiff also states that on January 15, 2004, the next day, Defendant Neipert and Childers came to his cell, handcuffed him and his cellmate, and stated "I heard what happened to you yesterday bitch, did you like what Meyer and I hooked up for you."  Defendant Childers then slammed Plaintiff's head into the wall and both officers punched Plaintiff several times.  Plaintiff states that he filed grievances about the two incidents, but they were ignored.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 6-7.  An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a

- 5 -

claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Based on Plaintiff's allegations and these standards, Count 3 cannot be dismissed at this point in the litigation.

## COUNT 4

Plaintiff states that the day after the second assault, Defendant Neipert came to his cell asking "if there were any problems." Plaintiff asked him about some of his prior grievances and gave him some new grievances regarding the assaults. Defendant Forsting told Plaintiff that he didn't care about his issues and that he would answer the grievances when he felt like it. Plaintiff claims that Defendant Forsting interfered with his constitutional right to redress of grievances.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Based on these standards, Plaintiff has failed to state a claim. Accordingly, Count 4 is **DISMISSED** from the action with prejudice . *See* 28 U.S.C. § 1915A.

## SUMMARY AND CONCLUSION

Plaintiff is allowed to proceed against Defendants Meyer, Childers, and Hood on Count 1 of the complaint and against Defendants Pelker, Fleming, Hamlin, Renyolds, Childers, and Neipert on

Count 3.  Counts 2 and 4 are dismissed from the action.  Because all claims against Defendants Wilson and Forsting have been dismissed, these Defendants are both dismissed from the action.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants *Pelker, Fleming, Hamlin, Meyer, and Neipert* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.[1]  The Clerk is **DIRECTED** to send Plaintiff **5** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**]

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants *Pelker, Fleming, Hamlin, Renyolds, Childers, Meyer, Hood, and Neipert*.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants *Pelker, Fleming, Hamlin, Renyolds, Childers, Meyer, Hood, and Neipert* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can

---

[1]The Court has already received USM-285 forms for Defendants Renyolds, Childers, and Hood.

be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to

- 8 -

defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

Finally, also pending before the Court is Plaintiff's motion for status.  Because the Court has now completed its threshold review of the case and because the Court has ordered that Defendants be served in the action, this motion for status (Doc. 10) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:** May 12, 2006.


/s/  David  RHerndon
**DISTRICT JUDGE**